HARDIN COUNTY, Kentucky, d/b/a
Hardin Memorial Hospital,
Appellant,

v.

Fay VALENTINE, Kentucky Farm Bureau Mutual Insurance Company, and Coronet Insurance Company, Appellees.

No. 93–CA–1710–MR.

Court of Appeals of Kentucky.

March 3, 1995.

Stuart McCloy, Asst. Hardin County Atty., Elizabethtown, for appellant.

Gregory L. Smith, Woodward, Hobson & Fulton, Louisville, Michael L. Stevens, Elizabethtown, for appellees.

Before LESTER, C.J., and HOWERTON and JOHNSON, JJ.

## OPINION

HOWERTON, Judge.

Hardin County, d/b/a Hardin Memorial Hospital (Hospital), appeals from an order of the Hardin Circuit Court finding that Hardin Memorial Hospital is a public entity, and that the patient records housed therein are public records subject to the Open Records Act codified at KRS 61.870 to 61.884. The court held that the rate charged by the Hospital for copying patient records exceeded actual and reasonable costs as defined in KRS 422.305. We reverse and remand.

The facts leading up to this dispute are few and simple. The attorney for a defendant (Fay Valentine) in a personal injury action subpoenaed medical treatment records as a matter of routine discovery in this action. The Hospital agreed to furnish a copy of the 524–page record for $1.00 per page. Valentine's attorney then scheduled a deposition of the medical records custodian at the Hospital and served her with a subpoena *duces tecum* to appear. When the custodian failed to appear, Valentine filed a motion to compel her appearance at the deposition with the records, alleging that the charges sought by the Hospital for the records were not its "actual and reasonable" expenses for production of the records as set forth in KRS 422.305. The trial court ordered that the Hospital produce the medical records but

allowed it to do so under protest. It was understood that the photocopying charges would be determined later by the court or be taxed as costs.

At a hearing held to determine the reasonableness of the charges, the custodian testified regarding the method used to estimate costs involved in photocopying records. Her conclusions are set out below:

| | | |
|---|---|---|
| $0.05340 | – | Authorization verification (3 min.) |
| $0.01780 | – | Request logging (1 min.) |
| $0.33962 | – | Chart retrieval (19.08 min.) |
| $0.04450 | – | Chart refiling (2.5 min.) |
| $0.08900 | – | Copying (5 min.) |
| $0.01780 | – | Mailing (1 min.) |
| $0.56212 | – | Subtotal per page |

For material and maintenance costs:

| | | |
|---|---|---|
| $0.11500 | – | Copy machine maintenance based on maintenance contract of $575.00 per month divided by average of 500 requests per month |
| $0.00193 | – | Dry ink, fuser oil, developer |
| $0.00450 | – | Paper cost |
| $0.07426 | – | Capitol (sic) cost, arrived at by dividing the $4,450.60 annual depreciation on the copy machine by the average of 6,000 requests per year |
| $0.00600 | – | Envelope cost |
| $0.14900 | – | Billing and bad debt expense |
| $0.01200 | – | Space expense, arrived at by dividing 720 square feet by the average of 6,000 requests per year |
| $0.43769 | – | Subtotal per page |

Total:

$0.56212 per page for staff
$0.43769 per page for expenses [1]

$0.99981 per page

After finding the medical records to be public records, the trial court determined that KRS 61.874 was applicable. That statute allows a public agency to "prescribe a reasonable fee for making copies of public records which shall not exceed the actual cost not including the cost of staff required." Disallowed by the court were all personnel costs ($0.56212), "billing and bad debt expense" ($0.14900), and the "space expense" ($0.01200), leaving the sum of $0.27669 as the amount the Hospital would be allowed to charge per page for

duplicating medical records under KRS 422.305. This appeal followed.

■ The Hospital challenges the trial court's holding that the private medical records it maintains are "public records" pursuant to KRS 61.870(2) and are thus subject to the reproduction cost limits of KRS 61.874. We find its argument is well-taken.

KRS 61.870(1)(h), a part of the Freedom of Information Act dealing with "Open Records," defines "public agency" as "[a]ny body which derives at least twenty-five percent (25%) of its funds expended by it in the Commonwealth of Kentucky from state or local authority funds." The Hospital does not disagree with the assertion that it is a public agency pursuant to KRS 61.870. However, it argues, and we agree, that under subsection (2) of that statute, the medical records it houses are not considered "public records." That subsection is set out below.

(2) "Public record" means all books, papers, maps, photographs, cards, tapes, discs, diskettes, recordings or other documentary materials regardless of physical form or characteristics, which are prepared, owned, used, in the possession of or retained by a public agency. *"Public record" shall not include any records owned or maintained by or for a body referred to in subsection (1)(h) of this section that are not related to functions, activities, programs, or operations funded by state or local authority[.]* [Emphasis ours.]

Clearly, the medical records of those patients in a public hospital are not related to the functioning of the hospital, the activities carried on by the hospital, its programs, or its operations. Just as clearly, the patients of a publicly-owned hospital have as great an expectation that their medical records will not be subject to public scrutiny as do the patients of private hospitals.

This conclusion is further supported by KRS 422.320, which deals with the proper procedure for the return of subpoenaed medical records after their use in litigation. Among other things, that statute mandates

---

1. It appears that this total is incorrect. Upon remand, the court should recheck the figures that make up the final calculations.

that after a final order is issued terminating the case, "[t]he copies of records shall then be permanently disposed of by the clerk in a manner that protects the confidentiality of the medical information contained therein." We believe this language answers any suggestion that private medical records are transformed into "public records" simply because a patient signs a release allowing his or her medical record to be copied and used in preparation for litigation.

 Having thus determined that medical records are not public records, we look now to the statute controlling the cost for duplicating those records for judicial use. KRS 422.305 entitled **"Subpoena of records—Certification of copies—Personal delivery,"** states that a hospital which has been required to produce medical records, may notify the proper attorney of its election to proceed under the provisions of KRS 422.300 to 422.330 and may notify him or her "of the estimated *actual and reasonable* expenses of reproducing such charts or records." (Emphasis ours.) We have no quarrel with Judge Cooper's decision to disallow costs for "billing and bad debt expense" and "space expense," because they were expenses not actually incurred. However, it is clear that KRS 422.305 does allow the Hospital to recoup the cost it incurred for personnel time spent in duplicating the medical records. However, one should not lose sight of the fact that what might be a reasonable fee for copying one or two pages may be totally unreasonable when applied to a 500–page single record. Except for the actual time it takes to make the duplicates, all other charge items listed by the hospital are one-time costs.

We offer no other advice to Judge Cooper as to the manner in which he determines, on remand, the amount the Hospital may charge for this expense. We would, however, note that since this appeal was filed, the legislature enacted KRS 422.317 in which it stated that "[a] copying fee, *not to exceed* one dollar ($1) per page, may be charged by the health care provider for furnishing a second copy of the patient's medical record upon request either by the patient or the patient's attorney...." (Emphasis ours.) We reiterate, however, that while $1.00 may be reasonable for one of a few pages, other considerations become relevant for copying large records.

The order of the Hardin Circuit Court is reversed and remanded for further proceedings consistent with this opinion.

All concur.